GEORGE L. VOSE MFG. CO. et al. v. G. C. HUDSON CO.

(Circuit Court, D. Rhode Island. October 8, 1909.)

No. 2,687.

PATENTS (§ 328*)—ANTICIPATION—BRACELET.

 The Hudson patent, No. 448,617, for a bracelet, consisting of a resilient hoop with the ends inserted in grooves in a center piece, is void for anticipation.

 [Ed. Note.—For other cases, see Patents, Dec. Dig. § 328.*]

In Equity. Suit by the George L. Vose Manufacturing Company and others against the G. C. Hudson Company. Decree for defendant.

Henry Marsh, Jr., for complainants.
Wilmarth H. Thurston, for respondent.

BROWN, District Judge. The bill charges infringement of letters patent No. 448,617, granted to Thomas C. Hudson March 17, 1891. As the patent expired March 17, 1908, the suit is continued merely for the purpose of an accounting.

The specification states:

 "My invention relates to the class of bracelets in which the band can be expanded to allow of the bracelets being passed over the hand.

 "The object of my invention is to secure a bracelet the band of which can be expanded, having a box or central section capable of being highly ornamented and constructed to secure and conceal free ends of the band."

The patent has a single claim:

 "A bracelet consisting of a resilient hoop having a stop or enlargement at one or both ends and an ornamental box or center provided with a concealed groove, and a slit at one or both ends smaller in area than the groove, constructed to receive the end or ends of the hoop and permit of the enlargement of the hoop and its automatic contraction, as and for the purpose set forth."

The complainants' bracelet consists of a hoop and of a part into which the ends of the hoop are inserted. This part, called in the patent the "central section," is hollow, and the movement of a free end, or of free ends, of the hoop within the central section permits the expansion of the bracelet. The patentee doubtless contemplated that the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

central section should completely inclose the groove. The drawings show central sections of two forms—one tubular, and one flattened. In the tubular form one end of the hoop is secured, being soldered at one end of the central section, while the other end of the hoop is free, but with a stop on its end, which prevents it from being withdrawn from the central section. In connection with the flat central section there are shown free ends of the hoop within the box, which ends have stops to prevent withdrawal from the central section; each of the free ends being capable of movement to permit the expansion of the bracelet.

In the patent to C. R. Bugbee, No. 295,108, dated March 11, 1884, is shown an elastic band which corresponds to the resilient hoop of the complainant, and a central section into which the ends of the elastic band are inserted; one or both of these ends being provided with a stop to prevent its withdrawal from the central section. Like the patent in suit, the Bugbee patent provides that either one or both ends of the elastic hoop may be movable.

It is quite clear that, considered in respect to the mechanical means for confining the ends of the elastic hoop and for securing expansion and contraction, the Bugbee patent is a complete anticipation. In the Bugbee patent appear features of construction not shown in the drawings of the patent in suit. The central section is slotted lengthwise, and in this slot are knobs or pins which can be operated by the fingers. It is suggested in the patent that these pins can be ornamented by a stone setting; but mechanically considered they are merely handles which aid in expanding the bracelet. They are obviously unnecessary, since the Bugbee bracelet, like the complainants', may be easily expanded by pushing it over or pulling it off the hand. They are correctly regarded by defendant's expert as mere additions to an otherwise complete expanding bracelet.

The fact that the Bugbee bracelet contains these additional elements, the slot and the pins or handles, does not lessen the force of defendant's argument that from a mechanical point of view the Bugbee bracelet is a complete anticipation of the bracelet of the patent in suit.

The defendant's bracelets do not contain a central section which completely incloses the ends of the hoop. When the bracelet is off the hand, the free ends can be clearly seen, since the groove in which the ends of the hoop play is then exposed. When on the wrist, however, the outer portion of the central section serves to screen the ends of the hoop. The defendant contends that the term "concealed groove," in the claim of the patent in suit, is a limitation to a groove which is completely inclosed, thus completely concealing the ends of the band at all times. Complainants, however, say that this is an unnecessarily narrow construction, and that the mere cutting away of the under part of the complainants' central section or box would not avoid infringement.

Though this contention is the subject of considerable argument, it does not seem of special importance. The language is capable of either interpretation, but the case does not depend upon the adoption of either.

Complainants' expert, Mr. Schofield, in his testimony in rebuttal,

states that upon comparison of the Hudson patent with the prior art he finds as follows:

"I find as new the removal of the projecting pins for operating the band, and the substitution of a continuous plate, capable of being highly ornamented, for the slotted plate of the Bugbee patent."

The removal of the projecting pins would not affect the operation of the Bugbee bracelet, and the difference between Bugbee's slotted plate and the continuous plate of the patent in suit in capacity for ornamentation is a matter too unsubstantial to constitute a patentable difference.

As I am of the opinion that the patent in suit is void for anticipation by the patent to C. R. Bugbee, No. 295,108, it becomes unnecessary to consider the other patents cited by the defendant, namely, No. 331,-033, to H. E. Chadwich, November 24, 1885; No. 134,735, to T. L. Cornell, June 4, 1873; No. 133,291, to A. O. Baker, November 26, 1872.

The bill will be dismissed.